HOPENFELD SINGER RICE & SAITO LLP
  Benjamin L. Singer (Bar No. 264295)
  bls@hsrslaw.com
235 Montgomery Street, Suite 907
San Francisco, California 94104
Telephone:   (415) 500-6080
Facsimile:    (415) 534-6078

LAW OFFICE OF STEPHEN RUBIN
  Stephen Rubin (Bar No. 257458)
  sr@stephenrubin.com
553 12th Street
Santa Monica, California 90402-2907
Telephone:   (310) 393-0900
Facsimile:    (310) 496-0810

Attorneys for Defendant
INSOMNIAC GAMES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| McRO, INC., d.b.a. PLANET BLUE,<br><br>               Plaintiff,<br><br>     v.<br><br>INSOMNIAC GAMES, INC.,<br><br>              Defendant. | Case no. CV12-10340 GW (FFMx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: March 7, 2013<br>Time: 8:30 a.m.<br>Courtroom: 10 |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 3

I.    INTRODUCTION ...................................................................................... 2

II.   RELEVANT FACTUAL BACKGROUND .............................................. 3

III.  THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO
      PROVIDE FAIR NOTICE OF THE NATURE OF THE CLAIMS AGAINST
      INSOMNIAC OR FACTS SHOWING A "PLAUSIBLE" RIGHT TO
      RELIEF ..................................................................................................... 4

      A.    Legal Standards .............................................................................. 4

      B.    The Complaint Fails to Satisfy Twombly and Iqbal's Pleading
            Standard, or Even the Minimal Pleading Form Suggested by Form 18
            in the Appendix to the Federal Rules ............................................ 6

IV.   CONCLUSION .......................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Acco Brands USA LLC v. Hewlett Packard Co.*, 2011 U.S. Dist. LEXIS 67420 (C.D. Cal. June 23, 2011) ................................................................................ 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................ 5

*Avocet Sports Tech., Inc. v. Garmin Int'l., Inc.*, 2012 U.S. Dist. LEXIS 51650 (N.D.Cal. Mar. 22, 2012) ...................................................................... 6, 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................ 5

*Bender v. LG Elecs. U.S.A., Inc.*, 2010 U.S. LEXIS 33075 (N.D. Cal. Mar. 2010)... 7

*Conte v. Jakks Pac., Inc.*, 2012 U.S. Dist. LEXIS 85017 (E.D. Cal. June 19, 2012). 9

*Creagri, Inc. v. Pinnaclife Inc.*, 2013 U.S. Dist. LEXIS 427 (N.D. Cal. Jan. 1, 2013) ................................................................................................................ 9

*Erickson v. Pardus*, 551 U.S. 89 (2007) .............................................................. 5

*Hsiu Pen Yang v. Winjet Auto., Inc.*, 2010 U.S. Dist. LEXIS 141974 (C.D. Cal. Oct. 22, 2010) ...................................................................................... 7

*In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323 (Fed. Cir. 2012) ........................................................................ 6

*Infineon Techs. AG v. Volterra Semiconductor Corp.*, 2012 U.S. Dist. LEXIS 169959 (N.D. Cal. Nov. 29, 2012) .............................................................. 9

*Lantiq N. Am., Inc. v. Ralink Tech. Corp.*, 2011 U.S. Dist. LEXIS 70405 (N.D. Cal. June 30, 2011) .............................................................................. 7

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007) ........................ 6

*Medsquire LLC v. Spring Med. Sys.*, 2011 U.S. Dist. LEXIS 107416 (C.D. Cal. Aug. 31, 2011) .................................................................................. 7

*Proxyconn Inc. v. Microsoft Corp.*, 2012 U.S. Dist. LEXIS 70614 (C.D. Cal. May 16, 2012) ................................................................................ 6, 7, 8

*Smartmetric Inc. v. MasterCard Inc.*, 2010 U.S. Dist. LEXIS 141976 (C.D. Cal. July 8, 2010) ...................................................................................... 7

*Superior Indus., LLC v. Thor Global Enters.*, 700 F.3d 1287 (Fed. Cir. 2012) ......... 9

*Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, 2011 U.S. Dist. LEXIS 102237 (N.D. Cal. Sep. 12, 2011) ............................................................................ 6, 7

*Ziptronix, Inc. v. Omnivision Techs., Inc.*, 2011 U.S. Dist. LEXIS 129275 (N.D. Cal. Nov. 8 2011) ............................................................................ 6, 7, 8

**Statutes**

Fed. R. Civ. P. 8(a)(2) ............................................................................ 5

1

**NOTICE OF MOTION AND MOTION**

2       PLEASE TAKE NOTICE that on March 7, 2013, at 8:30 a.m., or as soon

3  thereafter as the matter may be heard, in Courtroom 10 of the above-referenced

4  Court, located at 312 North Spring Street, Los Angeles, California, defendant

5  Insomniac Games, Inc. ("Insomniac") will and hereby does move this Court,

6  pursuant to Federal Rules of Civil Procedure 12(b)(6), for an order dismissing the

7  complaint of Plaintiff McRO, Inc. d.b.a. Planet Blue for failure to state a claim.

8       The grounds for this motion include that the complaint does not provide fair

9  notice of the nature of the claims against Insomniac, as Rule 8 requires, nor does it

10  provide a short-and-plain statement of facts sufficient to show a plausible right to

11  relief, as required by the U.S. Supreme Court's decisions in *Twombly* and *Iqbal*,

12  regional Circuit precedent, and other authority.

13       The motion is based upon this Notice and Motion, the attached Memorandum

14  of Points and Authorities, the pleadings and records on file in this action, and upon

15  any additional evidence and argument that may be presented before or at the hearing

16  of this motion.

17       The motion is made following a pre-filing conference of counsel pursuant to

18  Local Rule 7-3, which began by email on January 30, 2013, and continued

19  telephonically on January 31, 2013.

20  Dated:     February 4, 2013     Respectfully submitted,

21                         BENJAMIN L. SINGER

22                         HOPENFELD SINGER RICE & SAITO LLP

23                         STEPHEN RUBIN

24                         LAW OFFICE OF STEPHEN RUBIN

25                         By: _____ /s/ Benjamin L. Singer

26                              Benjamin L. Singer

27                         Attorneys for Defendant

28                         INSOMNIAC GAMES, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This motion *pro forma* joins the January 28, 2013 Motions to Dismiss filed by Konami Digital Entertainment, Inc. and Square Enix, Inc.

Plaintiff McRO, Inc. d.b.a. Planet Blue ("McRO") has filed sixteen (16) nearly identical complaints in this district, claiming infringement of U.S. Patent Nos. 6,307,576 ("'576 Patent") and 6,611,278 ("'278 Patent") (collectively, the "Patents-in-Suit") by videogame companies, including defendant Insomniac Games, Inc. ("Insomniac").[1]  The complaints are threadbare by even the most liberal pleadings standards.  The only facts alleged are that the defendant videogame companies make, publish, sell "and/or" advertise unspecified "video and/or computer games."  The complaints then aver that this activity – "on information and belief" – somehow infringes the Patents-in-Suit.

McRO does not claim to have invented speaking animated computer characters, which are commonplace in the videogame market.  The Patents-in-Suit are directed solely at specific methods and apparatuses for animating character lip movements or facial expressions by using a specific set of rules applied to transcriptions of recorded text.  Yet the complaint pleads no facts to plausibly suggest that Insomniac is using the patented methods (or, if Insomniac were doing so, whether it is doing so through videogame development, sale of videogames, or other means).  Taken as a whole, the complaints state nothing more then that it is possible for video game companies to infringe the asserted patents and that the defendants are video game companies.  This "its possible you infringed" is not "fair notice."

---

[1] On November 21, 2012, McRO filed eleven (11) other virtually identical suits against different videogame companies in the District of Delaware.

Rule 8's requirements for providing "fair notice" to Insomniac of the nature of the accusations require, at minimum, an identification of the games at issue and the conduct in relation to those games that McRO contends is covered by the asserted patents.  The availability of discovery is no substitute for McRO meeting minimal pleading standards:  Insomniac has a right to basic information about this case at the outset, including to permit an assessment of whether the correct party has been sued, whether a third-party software is targeted, and for other reasons implicated by the pleadings.  McRO's complaint does not satisfy Rule 8's requirements and should be dismissed.

## II.   RELEVANT FACTUAL BACKGROUND

Insomniac is an independent video game developer headquartered in Burbank, California.

On December 4, 2012, McRO filed 16 complaints in this district against Insomniac and other videogame companies.  The sole "factual" allegation, repeated in each complaint alleges:

> Upon information and belief, Defendant, directly or through intermediaries (including through retailers, distributors and others), has acted and is acting to develop, publish, manufacture, import, ship, distribute, offer for sale, sell, and/or advertise (including the provision of an interactive web page) various computer and/or video games.

The Patents-in-Suit claim specific methods and apparatuses for animating a computer character's facial expression, including lip movements, by applying a certain set of rules to phonetic transcriptions of recorded text.  (*e.g.*, '576 Patent, col. 11, lines 27-47.)  The complaint, however, makes no reference to any use by Insomniac of the specific methods or apparatuses claimed in the patents (*e.g.*, by alleging use of a "phoneme" transcript or other methods claimed in the patents), nor

does it identify any specific digital products developed, made, sold or advertised by Insomniac that allegedly use McRO's claimed methods.

During the pre-filing meet and confer, Insomniac explained that it needed, at a minimum, an identification of the games and conduct at issue to understand the scope of this litigation and how appropriately to respond.  McRO declined to provide any additional information.

## LEGAL ARGUMENT

### III.   THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO PROVIDE FAIR NOTICE OF THE NATURE OF THE CLAIMS AGAINST INSOMNIAC OR FACTS SHOWING A "PLAUSIBLE" RIGHT TO RELIEF

#### A.   Legal Standards

Rule 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  If a complaint fails to satisfy Rule 8, it "must be dismissed" under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To survive a motion to dismiss, plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*.

The pleading must "give the defendant fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  These factual allegations must be sufficient to push the claims "across the line from conceivable to plausible." *Id*. at 680 (quoting *Twombly*, 550 U.S. at 557).

A motion to dismiss for failure to state a claim involves "a purely procedural question not pertaining to patent law," for which this Court applies "the law of the regional circuit." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007); see also *Avocet Sports Tech., Inc. v. Garmin Int'l., Inc.*, 2012 U.S. Dist. LEXIS 51650, at *8 (N.D. Cal. Mar. 22, 2012) (same). Courts within the Ninth Circuit are divided as to whether a claim for direct patent infringement must be pleaded to meet *Twombly/Iqbal's* plausibility standard, or whether a shorter statement that follows Form 18 in the Appendix to the Federal Rules of Civil Procedure may suffice. *Avocet Sports*, 2012 U.S. Dist. LEXIS 51650, at *8-10 (noting the split of authority and holding that the better rule is to require a pleading that satisfies *Twombly*/*Iqbal*); *Proxyconn Inc. v. Microsoft Corp.*, 2012 U.S. Dist. LEXIS 70614, at *8-11 (C.D. Cal. May 16, 2012) ("The Court is persuaded by those authorities which hold that threadbare recitations of the language in Form 18 is no longer sufficient to state a claim. As those other courts eloquently explain, 'the forms purporting to illustrate what level of pleading is required do not reflect the sea change of Twombly and Iqbal.'"); *Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, 2011 U.S. Dist. LEXIS 102237 (N.D. Cal. Sept. 12, 2011) (same); *Ziptronix, Inc. v. Omnivision Techs.*, Inc., 2011 U.S. Dist. LEXIS 129275, at *12 (N.D. Cal. Nov. 8, 2011) (referring to Form 18 and ruling that a method patent claim that "set forth none of the steps of Plaintiff's alleged infringing method" and "contain[ed] no allegation that all steps and stages of their protected process have been used by Plaintiff" was insufficient).[2] Additional authority cited, *post*.

---

[2] In *In re Bill of Lading Transmission and Processing System Patent Litigation*, the Federal Circuit applied the pleading standard suggested by Form 18 while noting that "[i]t will not always be true that a complaint which contains just enough information to satisfy a governing form will be sufficient under *Twombly* and its progeny. Resolution of that question will depend upon the level of specificity required by the particular form, the element of the cause of action as to which the
(footnote continued)

As explained herein, under either potentially applicable pleading standard, McRO's complaint fails to give meaningful notice of the nature of the claims asserted against Insomniac and thus does not satisfy Rule 8.

**B.    The Complaint Fails to Satisfy *Twombly* and *Iqbal's* Pleading Standard, or Even the Minimal Pleading Form Suggested by Form 18 in the Appendix to the Federal Rules**

The complaint contains no substantive allegations that put Insomniac on notice of the games and related conduct that may be targeted by this litigation— asserting only that "video and/or computer games" allegedly use the methods claimed in the Patents-in-Suit (which themselves are not stated in the complaint). (Compl. ¶¶ 11, 14, 18.)

As *Proxyconn*, *Avocet Sports*, *Wistron* and *Ziptronix* have explained, "threadbare recitations" of the elements of a cause of action, unaccompanied by even the identification of an accused product, are insufficient to state a claim for direct patent infringement.  *Proxyconn*, 2012 U.S. Dist. LEXIS 70614, at*10. Additional authorities from within this Circuit support a pleading requirement that includes a "short and plain" statement of facts showing a plausible right to relief, as *Twombly* and *Iqbal* require.  *See, e.g., Medsquire LLC v. Spring Med. Sys.*, 2011 U.S. Dist. LEXIS 107416 (C.D. Cal. Aug. 31, 2011); *Hsiu Pen Yang v. Winjet Auto., Inc.*, 2010 U.S. Dist. LEXIS 141974 (C.D. Cal. Oct. 22, 2010); *Smartmetric Inc. v. MasterCard Inc.*, 2010 U.S. Dist. LEXIS 141976 (C.D. Cal. July 8, 2010).[3]

---

facts plead are allegedly inadequate, and *the phrasing of the complaint being challenged*."  681 F.3d 1323, fn. 6 (Fed. Cir. 2012) (emphasis added).

[3]  *See also Lantiq N. Am., Inc. v. Ralink Tech. Corp.*, 2011 U.S. Dist. LEXIS 70405, at *19-22 (N.D. Cal. June 30, 2011) (explaining that "Plaintiffs must do more than conclusorily allege the means by which Defendants are infringing on the [patents-in-suit]" and holding that the "broad categories of products listed in the Complaint" are insufficient to put defendants on notice:  "Plaintiffs must provide more specific identification of the products in any given category that are allegedly
(footnote continued)

The rationale for requiring more than threadbare conclusions applies with equal force to a complaint that alleges infringement of a patent's method claims. See *Proxyconn*, 2012 U.S. Dist. LEXIS 70614, at \*8-11 (dismissing method claim for failure to identify any accused product for which the method allegedly was used, or facts suggesting that the steps in the method were practiced by defendant); *Ziptronix*, 2011 U.S. Dist. LEXIS 129275, at \*9-12 (same). *Ziptronix* explained:

> The third element of Form 18 involves allegations of infringement by, among other means, "using" the patent. "Use" of a patented method or process is fundamentally different from "use" of a patented system or device. . . . Thus, with a method patent infringement claim, to properly allege "use" of the patent, the patentee must identify the steps of the claimed infringing process that allegedly violated the protected method and must allege that all the protected steps have been used by the infringer. . . . Although Defendants contend they assert method claims, ***they have set forth none of the steps of Plaintiff's alleged infringing method***. Moreover, their counterclaims ***contain no allegation that all steps and stages of their protected process have been used*** by Plaintiff. Consequently, Defendants' claims of direct infringement ***are insufficient to provide Plaintiff with notice of the alleged infringement***. . . .

*Id*. (emphasis added; citations omitted).

Even the decisions that accept Form 18's pleading example as sufficient post-*Iqbal* acknowledge that, at minimum, a plaintiff must identify a targeted product, or reasonably delineated category of products, to give "fair notice" of the nature of the claims being made. *See, e.g., Acco Brands USA LLC v. Hewlett Packard Co.*, 2011

infringing Plaintiffs' patents."); *Bender v. LG Elecs. U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 33075 (N.D. Cal. Mar. 11, 2010) (same).

U.S. Dist. LEXIS 67420, at *5 (C.D. Cal. June 23, 2011) (even if Form 18 controlled, alleging the defendant's "products" infringe is insufficient to give fair notice of the claims).[4]   Indeed, Form 18 itself refers to the defendant's "electric motors"—a significantly narrow category than "video and/or computer games" is for a videogame company. *Infineon Techs.*, 2012 U.S. Dist. LEXIS 169959, at *6 (quoting Form 18).

Again, McRO's complaint fails to give meaningful notice to Insomniac of the nature of McRO's claims or the products or activities by Insomniac that are likely to be at issue in this litigation.  The complaint merely states in circular fashion—as McRO did for 15 other defendants sued on the same date—that a videogame company makes, sells or advertises videogames, and that the unspecified videogames or advertising use methods covered by McRO's patents.  Rule 8 and principles of fairness to the defendant require more.

/ / /

/ / /

/ / /

/ / /

_____

    [4]  Compare also *Superior Indus., LLC v. Thor Global Enters.*, 700 F.3d 1287 (Fed. Cir. 2012) (applying Form 18 pleading standard and holding that complaint was sufficient where it identified accused "telescoping conveyor" and model numbers for the accused product); *Creagri, Inc. v. Pinnaclife Inc.*, 2013 U.S. Dist. LEXIS 427 (N.D. Cal. Jan. 1, 2013) (holding that complaint sufficiently pleaded direct infringement of a method claim where it identified a specific product, "miracle Olivamine Essential," for which defendant used the patented method); *Infineon Techs. AG v. Volterra Semiconductor Corp.*, 2012 U.S. Dist. LEXIS 169959 (N.D. Cal. Nov. 29, 2012) (complaint satisfied Form 18 where it identified the accused "VT 115MF" master controller product); *Conte v. Jakks Pac., Inc.*, 2012 U.S. Dist. LEXIS 85017 (E.D. Cal. June 19, 2012) (complaint gave sufficient notice and complied with Form 18 where it identified defendant's "Hide 'N Seek Care Bear" and the corresponding elements that embody plaintiff's invention).

## IV.  CONCLUSION

For the reasons discussed herein, Insomniac's motion should be granted.

Dated:        February 4, 2013             Respectfully submitted,

BENJAMIN L. SINGER
HOPENFELD SINGER RICE & SAITO LLP

STEPHEN RUBIN
LAW OFFICE OF STEPHEN RUBIN


By:  _____/s/ Benjamin L. Singer_____
            Benjamin L. Singer

Attorneys for Defendant
INSOMNIAC GAMES, INC.

.

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 235 Montgomery Street, Suite 907, San Francisco, CA 94104.

On February 4, 2013 I served the document described as **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

> **[X] (BY Electronic Transfer to the CM/ECF System)** In accordance with Federal Rules of Civil Procedure 5(d) (3), Local Rule 5-4, and the U.S. District Court of the Central District's General Order governing electronic filing, I uploaded via electronic transfer a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above-listed documents to the United States District Court Central District of California's Case Management and Electronic Case Filing (CM/ECF) system on this date. It is my understanding that by transmitting these documents to the CM/ECF system, they will be served on all parties of record according to the preferences chosen by those parties within the CM/ECF system. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 4, 2013, San Francisco, California.


_____
     /s/ Benjamin L. Singer